1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MAURICE D. JONES,

11              Plaintiff,                    No. CIV S-08-1492 EFB

12       vs.

13  J. CANTU, et al.,

14              Defendants.                   <u>ORDER</u>

15  _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17  U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  The case

18  was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).   Plaintiff's

19  declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20       Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial

21  payment of $55.00 is assessed pursuant to section 1915(b)(1).  Plaintiff must make monthly

22  payments of 20 percent of the preceding month's income credited to his trust account. *See* 28

23  U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from

24  plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10

25  until the filing fee is paid.

26  ////

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claims that defendants J. Cantu, D. Whisler, S. Correa, Brito and Rowe used excessive force and that defendants McAfee and Tuers failed to protect plaintiff from the defendants who used such force against him. *See* 28 U.S.C. § 1915A. He also states a claim that "Doe"[1] defendants used excessive force against him. *Id.*

The complaint does not state a cognizable claim that defendant S. Whitaker violated his rights. Plaintiff alleges that Cantu ordered Whitaker to open plaintiff's cell door. Whitaker complied with the order, whereupon Cantu and others allegedly rushed in and attacked plaintiff. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). None of plaintiff's allegations suggest that Whitaker knew or inferred from the circumstances that Cantu or anyone else would use excessive force against plaintiff. Insofar as plaintiff claims that opening the door violated California regulations governing the use of force against prisoners, such a claim is not cognizable. *See Myron v. Terhune*, 457 F.3d 996, 999-1000 (9th Cir. 2006) (violation of a state regulation where no federal right is implicated is not remediable under section 1983). Thus,

---

[1] While the practice of identifying defendants as "John Doe" is disfavored in the federal courts, *see Wiltsie v. California Department of Corrections,* 406 F.2d 515, 518 (9th Cir. 1968), it is error to dismiss a complaint for plaintiff's use of "Doe" defendants,  *see Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).

1   plaintiff's allegations are insufficient to proceed against defendant Whitaker.

2       Plaintiff's claims for damages against defendants in their official capacity must also be

3   dismissed.  As noted above, section 1983 provides for a cause of action against "any person"

4   acting under color of law to deprive an individual of any "rights, privileges, or immunities

5   secured by the Constitution or laws" of the United States.  42 U.S.C. § 1983.  Neither states nor

6   their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

7   (1989).  A suit for damages against a state officer in his official capacity is a suit against the

8   state.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *see also Brandon v. Holt*, 469 U.S.

9   464, 471-472 (1985) (in official capacity suit, defendant's actions are equated with those of the

10  entity).  Therefore, plaintiff cannot seek damages from individual defendants in their official

11  capacities.

12      Plaintiff may proceed forthwith to serve defendants J. Cantu, D. Whisler, S. Correa, Brito

13  Rowe, McAfee and Tuers and pursue his claims against only those defendants or he may delay

14  serving any defendant and attempt [again] to state a cognizable claim against defendant

15  Whitaker.

16      If plaintiff elects to amend his complaint in an attempt to state a cognizable claim against

17  defendant Whitaker, he has 30 days so to do.  However, he is not obligated to amend and may

18  proceed on the claims that were adequately pleaded.

19      If plaintiff elects to proceed forthwith against defendants J. Cantu, D. Whisler, S. Correa,

20  Brito, Rowe, McAfee and Tuers, against whom he has stated a cognizable claim for relief, then

21  within 20 days he must return materials for service of process enclosed herewith.  In this event

22  the court will construe plaintiff's election as consent to dismissal of all claims against defendant

23  Whitaker without prejudice.

24      Any amended complaint must show the federal court has jurisdiction, the action is

25  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It

26  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

3

1  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

2  right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

3  deprivation of a constitutional right if he does an act, participates in another's act or omits to

4  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

5  contends he was the victim of a conspiracy, he must identify the participants and allege their

6  agreement to deprive him of a specific federal constitutional right.

7        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

8  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

9  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

10  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

11        The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

12  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

13  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

14  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

15  set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

16  *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

17  which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8.  Plaintiff

18  must not include any preambles, introductions, argument, speeches, explanations, stories,

19  griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

20  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

21  complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597

22  (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully

23  warranted" in prisoner cases).  The court (and defendant) should be able to read and understand

24  plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1179-80.  A long, rambling pleading

25  including many defendants with unexplained, tenuous or implausible connection to the alleged

26  constitutional injury, or joining a series of unrelated claims against many defendants, very likely

1    will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

2    plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

3        If plaintiff's pleading is deficient on account of an omission or technical defect, the court

4    will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

5    cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

6    construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

7    violates the federal rules, once explained, or the court's plain orders.

8        An amended complaint must be complete in itself without reference to any prior

9    pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

10   files an amended complaint, the original pleading is superseded.

11       By signing a first amended complaint plaintiff certifies he has made reasonable inquiry

12   and has evidentiary support for his allegations and that for violation of this rule the court may

13   impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

14       A prisoner may bring no § 1983 action until he has exhausted such administrative

15   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

16   *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

17   departmental decision, action, condition, or policy which they can demonstrate as having an

18   adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*.  An appeal must

19   be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

20   "action requested."  Therefore, this court ordinarily will review only claims against prison

21   officials within the scope of the problem reported in a CDC form 602 or an interview or claims

22   that were or should have been uncovered in the review promised by the department.  By signing

23   an amended complaint he certifies his claims are warranted by existing law, including the law

24   that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal

25   of his entire action, including his claims against defendants J. Cantu, D. Whisler, S. Correa, Brito

26   Rowe, McAfee and Tuers.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action and make an initial payment of $50.00  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant Whitaker are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against this defendant.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants J. Cantu, D. Whisler, S. Correa, Brito, Rowe, McAfee and Tuers.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed June 27, 2008, five USM-285 forms and instructions for service of process on defendants J. Cantu, D. Whisler, S. Correa, Brito, Rowe, McAfee and Tuers.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and eight copies of the endorsed June 27, 2008, complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants J. Cantu, D. Whisler, S. Correa, Brito, Rowe, McAfee and Tuers will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendant Whitaker without prejudice.

////
////
////
////

1       5.  Plaintiff promptly shall discover the names of the "Doe" defendants and file an

2 amended complaint identifying them by name.  Only then can the court direct service of process

3 on the "Doe" defendants.  Plaintiff's failure to discover their identities and file an amended

4 complaint will result in dismissal of the claims against the "Doe" defendants.

5 Dated:   October 27, 2008.

6

7                  EDMUND F. BRENNAN

8                  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MAURICE D. JONES,

11            Plaintiff,              No. CIV S-08-1492 EFB

12        vs.

13    J. CANTU, et al.,

14            Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

15    _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17    filed _____:

18            ___1___         completed summons form

19            ___7___         completed forms USM-285

20            ___8___         copies of the ___June 27, 2008___

21                                        Complaint

22    Dated:

23                            _____

24                                      Plaintiff

25

26

8