IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE D. JONES,

       Plaintiff,                    No. CIV S-08-1492 EFB P

       vs.

J. CANTU et al.,

       Defendants.           <u>ORDER</u>

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

       On February 8, 2010, the court directed plaintiff to file an opposition to defendants' motion for summary judgment or a statement of no opposition within 21 days. Dckt. No. 25. On February 23, 2010, plaintiff requested a continuance, submitting papers to the court indicating that his legal papers and prescription glasses were taken from him by prison authorities on October 15, 2009, making it impossible for him to respond to the summary judgment motion. Dckt. No. 26.

       Defendants oppose plaintiff's request for a continuance. According to defendants, plaintiff has 20/20 vision and thus does not need prescription glasses to prepare his response to

1

the motion. Defendants further argue that an inventory of plaintiff's property on November 4, 2009 indicated that plaintiff possessed "legal paperwork." Defendants have submitted supporting documentation showing that an eye exam in February 2010 revealed plaintiff to have 20/20 vision and no need for glasses. Defendants' documents also support their argument regarding plaintiff's legal property, but they do not show that the legal documents possessed by plaintiff at the November 4, 2009 inventory included all of the documents plaintiff possessed prior to his cell move on October 15, 2009, when plaintiff contends documents were taken. However, plaintiff has now had over four months to prepare his response to the motion for summary judgment. Because plaintiff may have been waiting for the instant ruling on his motion to continue before compiling and filing such response, the court will grant plaintiff 14 days from the date of this order to file an opposition, or statement of no opposition, to defendants' motion for summary judgment.

On February 24, 2009, and again on February 8, 2010, the court advised plaintiff of the requirements for filing an opposition to the summary judgment motion, that failure to oppose such a motion may be deemed a waiver of opposition to the motion and that failure to comply with the Local Rules may result in dismissal.

Accordingly, it is hereby ORDERED that, within 14 days of the date of this order, plaintiff shall file either an opposition to the motion for summary judgment or a statement of no opposition. Failure to comply with this order will result in dismissal of this action without prejudice.

DATED: June 16, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2